UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:18-cr-00200-TWP-TAB |
| ) | |
| ADAM SHOFFNER, ) -01 | |
| ) | |
| Defendant. ) | |

**ORDER**

**I.**

On October 22, 2020, Defendant filed a pro se motion that the Court construed as a Motion for Compassionate Release under Section 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 52. The Court appointed counsel to represent Defendant. Dkt. 53. Counsel appeared and filed an amended motion for compassionate release on Defendant's behalf. Dkt. 58.

On March 2, 2021, Defendant's counsel moved to withdraw the amended motion she had filed on Defendant's behalf. The motion to withdraw, dkt. [64], is **granted**. Defendant's amended motion for compassionate release, dkt. 58, is **withdrawn**. The **clerk** is **directed** to terminate the motion at Dkt. 58.

**II.**

On March 2, 2021, Defendant's counsel also moved to withdraw her appearance in this case, noting that she had spoken to Defendant on the phone, informed him of the reason for her withdrawal, and communicated to him that he may proceed pro se with his motion before the Court. The motion to withdraw counsel's appearance, dkt. [65], is **granted**. It is **ORDERED** that

the appearance of Leslie Wine of the Indiana Community Federal Defenders shall be withdrawn as counsel for Defendant.

### III.

Section 3582(c)(1)(A) provides that the court,

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant or the lapse of 30 days from receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . .

*Id.* The Seventh Circuit recently held that the exhaustion requirement of § 3582(c)(1)(A) is a mandatory claim-processing rule that "*must* be enforced when properly invoked." *United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021).

On February 16, 2021, the United States filed a document affirmatively invoking the defense of exhaustion of administrative remedies. Dkt. 61. Specifically, the United States noted that Defendant had not filed any proof that he had exhausted his administrative remedies and that the only indications of exhaustion were his unverified statements to his counsel that he had submitted an administrative request for relief to his warden in December 2020. *Id.* at 4 (citing dkt. 58 at 8–9). The United States' exhaustion objection is well-taken.

Even assuming that Defendant did submit an administrative request for relief in December 2020 as he claims, the Court still must deny Defendant's pro se motion for compassionate release because it was filed in October 2020—well before he claims to have submitted an administrative request for relief. Under § 3582(c)(1)(A), a defendant may not file a motion until *after* he has submitted an administrative request for relief and 30 days have passed or he has exhausted his appeal rights, whichever is earlier. That is, if the United States objects, a defendant may not do what Defendant did here—file a motion with the Court and then seek administrative relief. *See Sanford*, 986 F.3d at 781–782 (affirming denial of motion for compassionate release where

defendant filed motion with court only three days after he submitted administrative request to warden and without pursuing administrative appeal rights, even though 30 days had now passed since warden denied the administrative request).

Accordingly, Defendant's pro se motion for compassionate release, dkt. [52], is **denied without prejudice** for failure to exhaust administrative remedies. After he exhausts his administrative remedies (that is, after he exhausts his appeal rights as to any pending administrative request or it has been 30 days since he submitted an administrative request to his warden, whichever is earlier), he may filed a renewed motion by completing and returning the enclosed form motion for compassionate release. If Defendant files a renewed motion, he will be required to proceed pro se because his counsel has withdrawn. In addition, if Defendant files a renewed motion, he must explain whether he has recovered from COVID-19 and, if not, what symptoms he is currently experiencing and how they affect his ability to perform daily activities.

The **clerk** is **directed** to enclose a copy of the form Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release) (*Pro Se* Prisoner) with Defendant's copy of this Order.

**IT IS SO ORDERED.**

Date: 3/5/2021

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

**Distribution:**

All Electronically Registered Counsel

Adam Shoffner
Reg. No. 16197-028
FCI Pekin
Federal Correctional Institution
P.O. Box 5000
Pekin, IL 61555